Good morning, everyone. The next case on the calendar is Charles Andrew Fowler v. United States of America. We have present today, Scott Robbins for Mr. Fowler and for the United States, Michelle Taylor. Is everyone ready to proceed? Yes. Yes. Mr. Robbins, I understand you would like to say five minutes for rebuttal. Yes. Thank you. Perfect. You may proceed. Thank you. May it please the court. My name is Scott Robbins and I represent Charles Fowler in this cause. The issue that we're here for today is a narrow one. Specifically, whether the district court erroneously dismissed Mr. Fowler's 2255 motion as untimely. This is a case that I believe there are three separate analyses that all would lend us to the conclusion that it was timely. Essentially, the three are that if one construes this case or recast it with the Davis analysis that we now have the benefit of. And in analyzing it from that perspective, one must use the controlling law on Davis. And so looking at his denial, the district court's denial or dismissal of the 2255 in that context, it should be is now should be overturned and remanded back to the district court. Additionally, one can construe the appeal and we requested that in our in our brief as a leave to file a second or successive 2255 motion which would cure any timeliness issue as well. And the third issue is that there is an issue of actual innocence in this case. This is an unusual case in so far as Mr. Fowler. Having seen the Johnson opinion and seeing that the residual clause in 2924 C was pretty much identical to the accurate residual clause filed a motion based on what appeared to be the, the appropriate law at the appropriate time. Well within the Johnson window. The courts have then expanded Johnson, despite the court's ruling that Johnson did not apply to a situation with 924 C expanded it over time, first with the Maya, and then actually with Davis. In this context, the case, basically, should be now looked at from the Davis perspective, and essentially, we, I'm going to call it recast or construed within that context and therefore it is indeed timely and should be remanded back to the district court for further proceedings. This case is one where, again, the law has been changing. And, and as recently the government filed the grander case as a supplemental authority we responded to it, essentially, embracing the grander case as well. Grander says basically that one should recast this argument in, in the court now because it's still an ongoing case. So, a question of jurisdiction. There's certainly discussion in there that might arguably bear on this case but strictly speaking the issue. There was not timeliness or the statute of limitations. Right. In that respect, it grander is somewhat off point. However, within the context of it the court does note though that you must comply, apply the controlling Supreme Court law of Davis for the analysis in that case. Likewise, in this case again when we haven't ever litigated the merits of the motion. Mr Robinson, I think I'm having some, we're having some feedback from your, from your computer. Can you hear me. Yes, I can hear you well. Can you address so the courts. I know it's an unpublished case but Mr page the co defendant. Yes, a different circumstance entirely. Mr page had resolution on the merits of the motion itself. This is merely a. This was a motion that this was a motion was filed by the government to dismiss for timeliness that precluded that particular analysis. In Mr pages case one, I think the remedy that the court eventually granted was to allow him leave to file us a successive 2255. Davis. Yeah, it had it had it had basically a similar, it was a little bit before my case but a similar temporal situation as far as the timelines and when cases came out, but they ruled, but in that case, despite the fact that they are separate cases, as such, and I don't think it, it totally converts it in that fashion. One still for the timeliness issue does have to address the current law. And so I should recast this, which is a for this was the first 2255 This is not a second or successive one or anything like that, as it was in Davis. So the, the principle is different. What we're looking at here is analyzing the timeliness issue, and in the context of ground other there's other cases as well. The question I have is in in page. He filed a 2255 motion based only on a Johnson claim. This court said this is really a Davis claim and to the extent that that's what you're trying to file the file, a claim seeking Davis and not a Johnson claim. And I'm not sure then how we convert what your client has asked for in this case to a Davis claim when what he's what he initially is seeking is a Johnson claim. What I'm, what I'm asking is not to convert it as such, and I understand Hamlin. And, and that is still the current law, I'm simply asking the court to apply the current law, as it stands now as it directs in Randa. And what your client asked for was Johnson and under Johnson it's not timely. Isn't that isn't that really what we have here. No, I under the circumstances. Okay. Under the circumstance because it's still a ongoing case. I can't file a second or successive 2255 based on Davis until such time as, as this case is resolved because this is the first one. So, in order to analyze this and get to the merits of the case. One needs to look at the law as to whether or not it should have been found on timely, as it turned out, Mr. Randa was right that the, his, the essence of his claim was you put what would however you attach the language to the essence of his claim was that he had a that 924 C was unconstitutionally vague in the residual clause in his particular circumstances. There, there's none of the issues in grander where we don't just have a residual clause don't we have another clause as well and play. No, the elements clause I do not believe is really in play in this case and that's where we get to actual innocence. The only the only predicates, if you will, in 924 C that would apply here are the ones that were were stated in the indictment, which were to conspiracy robberies, which under those circumstances, essentially you have a crime that is basically the law, you have something that the law does not make criminal. And there's as far as actual innocence goes, there is no actual time limitation on that and the court for that basis alone should not have granted the, the timely motion. Would you help me. How do you handle in rehab mood, where we held that 924 c three B was unconstituted that that was constitutionally vague was not dictated by precedent, as opposed to Johnson, which was dictated by precedent. The reason I asked, of course, is that we're bound to the statute of limitations in 2255, which says the period of limitations runs from the date on which the right asserted was initially recognized by the Supreme Court. If that right has been newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review. He has filed his he has filed his claim for the subsequent 2255 within the content within the motion itself for jobs. Well, he filed, but in our arguments, we asked for it also to be taken as a subsequent. That's the question. Can we jump from the one to the other what he has been able to file an additional claim under Davis, as a new rule of constitutional law when it came up. No. As a matter of fact, we attempted to do that just as a belt and suspenders approach and it was denied as untimely because this is still pending now. And I believe, at least, members of this panel were part of that order. So we had to do it this way other to do otherwise would be to basically Kind of punish him for being Well, and again I will go back to grand of the odd result, the Supreme Court and eventual endorsement of a constitutional right argued for grandest petition now precludes him from seeking vindication of the very right, even though he complied with the procedural requirements granted could not file a new petition based on Davis. That's, that's the a result that The court did not choose and said that they were obliged to follow Davis. When did you file a motion to file a successive one based on Davis, the, the Now on Davis, you said after Davis came out. If I can reach over here. That was filed before the time limit ran. If I can locate is here we filed it on the 23rd. June 23 2020 which was prior to it running we received the opinion in case number 20 dash 12272 H in Look, the opinion came out on the 30th. And it says that that successive app was premature because you have another success. Yes, right. It pushes you it other to do otherwise would do put put the litigant in a untenable catch 22 And so the interest of justice in this case is to find that it was timely under the law as we see it now. And to address the issues at hand back in the district court. And that's what we're here for today is simply Is this an issue of first impression because we don't really have this fact pattern in any of our published cases. Well, that's, that's my point because of the timing of all these cases. I believe this is sort of a unique situation. Well, that's what I'm saying. Is it an issue of first impression. It appears I perceive it as one. Yes, I look, look for the perfect case on point and I have not found it. But the although there are some that I'm talking about published cases. I'm not Yeah, you're not talking about the ones in the federal appendix. No. Okay, there are the federal appendix cases are the ones that reference of the published cases. Yes. Ground, I think, is the first one that comes close to analyzing the mechanics to get to this issue. And do you have a non published case that you think is your strongest case and the federal appendix. There are a couple I cited from me. And I believe I don't know that I've cited it. Yet. That's it. 813 Fed Appendix 351 There is also another one 805 federal appendix 993 which is Blackman. And then both of those talking about Davis represents an extension of the Supreme Court's decisions and Johnson and the Maya. But you see the you see the problem is That the court. Our court is already held. It wasn't extension. There was a new rule. Right. But, you know, and and let me tell you why that was helpful at the time to some litigants, because they didn't file under Johnson. And if we had not said Davis was a new rule. Johnson was back in 2016 when Davis came out, nobody would have been able to file under Davis. I think that's it. That's really Do you see what I'm talking about when Yes, but that's why the result I'm requesting. Is in the interest of justice. You have a situation where The problem is, I could agree that it is in the interest of justice in some sense. But what we're dealing with. Was what Congress did in a depth. And what they did in the depth of quite purposefully is to make it real hard to come back and get a second or third bite at the apple. So they made it hard to file a second successive petition. They made it hard to file again by building in, in some ways, a tough statute of limitations problem. And so what you have in this case, it seems to me. Is what you have in all of these cases, the tension between finality and certainty, which is obviously what Congress was looking for in a depth. And the opposite poll that you want to treat similar defendants in a similar way when the law changes, but the difficulty is that the laws always change. The problem is that Congress wrote this language looking for a newly recognized right by the Supreme Court made retroactive. So I guess in the sharpest point. The question I have for you is What was the newly recognized right initially recognized by the Supreme Court in Johnson, how would you define it. One way to define it is what they said we hold that imposing an increased sentence. Under the residual clause of the on career criminal act violates the Constitution's guarantee of due process. That's the holding right correct Didn't say We hold that applying this principle beyond the on career criminal act. That is to say, in the context of 924 c three B. Is a violation of due process. They didn't address that question. And so you have to argue. Well, they were really making a vagueness argument and it carries over. We can extend Johnson to Davis on a theory of vagueness that has to be In essence of what you're saying, right. Yes. And that's exactly what they say in in both this Blackman case where they talk about Davis represented an extension of the Supreme Court's decisions and Johnson into Maya. And therefore, the We're that's really the essence of what he was asking for they the Supreme Court established. Now I understand the reason why they why they say it creates a new rule so that the people who did not have the The forethought or gift of prophecy or however you want to phrase it to file this when he did under john's under Johnson wouldn't be wouldn't be denied the benefit of the Of the Davis case. However, those who are already in the pipeline on the Davis case with an ongoing case should be able to argue that case on the issue of timeliness and ultimately on the issue of the merits of the case back in the district court. It's, it's, it's not. It's if the if the intention of the act was to stop successive or multiple Petitions under 2255 Any other results other than what I'm requesting would do the opposite would require to instead of staying with the one you have That's the issue. And that's the core of it. And, and so I understand it going backwards, but it shouldn't preclude those who were there when they when the when the the essence of the rule was was first developed Sure. There is a published case this diner versus United States. I did reference that in my response. Right. So does that one. In that case, it wasn't originally filed they they they saw a I think they wanted a Davis claim, but they hadn't made a Davis claim. They had only filed under Johnson. Correct. I believe that's correct. Yes. Right. And then, and then this court say that that was not It was not proper because he didn't seek a Davis claim because Davis has announced a new rule. Again, were those cases where they were all it was not a timeliness issue, but it was a resolving on the merits case. But here in order for us to get to the timeliness issue. We have to address the statute limitations and in order for it to be timely. It has to be a Davis claim. It can't be a Johnson claim. Well, which is why we've asked that you either treat it as such. And I think the interest of justice demanded in this case. As that for the purposes of this unique circumstance, because it does indeed expand the the core holding Ask you another question. The You agree that the the COA the Certificate of Appeal ability. We're only we're limited just to reviewing what has been asked for in the Certificate of Appeal ability. That's correct. Although Again, I think these all impact that issue. I understand. All right, Mr. Robbins, we've let you go way over, but this is an interesting case and Five minutes for rebuttal. Miss Taylor. At least the court Michelle Taylor for the United States. Judge logo is exactly right here. This was a Johnson claim and Johnson did not open the window under 2255 f3 Johnson did not involve the right that is asserted here, which is a challenge to a section 924 C sentence Johnson was an ACCA case. And Judge Hall is exactly right that if this court were to hold that that Johnson did open that window on that there's only one window that's contemplated by 2255 f3 it talks about the date on which The date on which the right asserted was initially recognized if it's been newly recognized by the Supreme Court. So if this court were to hold that Johnson was that date, then all of the defendants who waited to file their 924 C motion or their, their 2255 motions challenging 924 C convictions would be out of time if Johnson really had established that right. And Judge Marcus is also correct that that Granda doesn't address the timeliness issue. Granda establishes that when a court is resolving a Johnson claim, it can apply Davis. But if you look back at the record and Granda the timeliness issue actually fell out of the case. There's an R&R by the magistrate judge that says the United States didn't assert the time bar here and so I'm considering it as waived. So Granda proceeded to full briefing on procedural default and on the merits. And when it came up to the Court of Appeals, you know, you had that record, which is obviously very different than what we have here where we have a ruling that was limited to the issue of timeliness. There might be all kinds of situations where Johnson claims are before the court and the time bar isn't at issue. For instance, a Johnson claim that had been filed within a year of a conviction becoming final or a Johnson claim in a case where the United States decides not to assert the time bar and that falls out of the case. But that's not what we have here. Here there was a motion to dismiss a Johnson claim on the basis of the time bar. And that was the sole basis of the district court's ruling. And that's the sole issue and the Certificate of Appealability. And the district court got that issue right. Johnson does not open the window under 2255 F3. The idea that you could apply Davis to Johnson claims doesn't address that time bar at all. We can't just ignore it simply because the court might apply Davis in resolving a Johnson claim. I also want to address here this new claim that the untimeliness could be excused based on actual innocence. That was not the way this was litigated below. Mr. Fowler argued that his motion was a timely motion because he had filed it within a year of Johnson. He didn't argue that his untimeliness should be excused based on actual innocence. So that's something that has never been briefed or decided by the district court. This court won't consider claims on appeal that were not presented before the district court. And that's really outside the scope of the Certificate of Appealability here because the Certificate of Appealability was addressing timeliness in the context of which it had been raised below, which was, does Johnson make this claim timely? What are we to make of the fact that he sought leave to file a successive petition raising Davis? And he did that in a timely way on 23 June 2020. And we rejected that on June the 30th. If that's so, I guess my question boils down to what is it that this petitioner could have done that he did not do in order to be able to raise a claim that he was sitting in jail for something that's no longer a crime? I guess, for starters, going back to what to make of that, I do think it was correct that once the district court had issued its ruling on timeliness and that that was pending on appeal, that first motion, there wasn't any jurisdiction at that point for the district court to have amended it to add a new Davis claim. Now it's pending in the Court of Appeals. And because you have that first ruling that's now on appeal, I think any subsequent 2255 claim would have needed authorization because, you know, contrary rule, if simply having your first motion on appeal as a placeholder allowed you to then file numerous other motions without authorization, then that would really extend that window of time. I'm confused then. Did he file in the district court, the Davis successive app, or did he come to us asking for permission to file it? He came to the Court of Appeals asking for permission. Okay, that's what I'm saying. Go back to Judge Marcus's question. Davis comes down. He's got this Johnson appeal pending. He comes to this court, because he wants to, he's got a year to bring Davis. Yes. And he files within one year of Davis we say it's a new claim. And we say no it's premature because we got this other field pending. Judge Marcus says, what else could he have done to bring his Davis claim. After we did that, other than try to have this recast is the Davis claim since we this court said under the facts of this case, it was premature to do it. What else could he have done. I guess he could have filed a motion district court, raising a Davis claim, but we're not just, you just said the district court had no jurisdiction. I think that's the better view there's there's a bit of a circuit split on that where the Second Circuit has taken a different view, but I think the majority rule is that if there's already a district court ruling that's on appeal. Then the authorization must come before there could be a second or successives and I think that is the correct approach. I haven't found published authority from the 11th circuit saying that but I have found some unpublished decisions. Um, but let's go back. He couldn't have found the district court, the district court was said, you got to go to the Court of Appeals, because everybody agrees it's second or successive so you've got to go to the Court of Appeals. They couldn't have done that. He's on appeal here. Um, some of this is because this case was held so long waiting for the Maya, and all of that, because it might have had a quicker ruling and then you might have whatever had a different outcome but what could this particular move that have done to raise a Davis claim that he did not do those church Marcus's question. Yeah, and I agree if the question is, do we think he's been diligent, we do. He asked, not even not just in that separate request to file a second or successive he asked in his opening brief that then the alternative could his request be filed as a second or successive Davis claim, and we're not trying to block his way to court on a Davis claim. We're just saying that this is not the time to entertain that claim this is not the right court at least not yet. Could he have, could he have dismissed because my understanding is so in November of 2016. This order is entered by the district court judge Davis is the decision comes down on June 24 2019. He files his motion under Davis on June 23 2020. In the meantime, could he have dismissed his appeal in this case. Sure, I guess I actually had another case where there was a, it was scheduled for argument, and there was a both a Davis claim and a Johnson claim pending and the defendant ended up dismissing his Johnson claim so he could fully litigate his Davis claim. So I guess that's one option that he could have done. I guess the problem I'm still I come back to counsel and I want you to help me with you can see that he was diligent in perfecting his Johnson claim. And you can see that he tried to perfect his Davis claim in a timely way. It's just that when you add a B and C, in terms of the statutory text, he couldn't get there. It seems to me what you have is really a catch 22 situation that there was nothing he could have done or could do. That would allow him to raise a Davis claim, unless we read Johnson as holding more than it obviously held with regard to to act as somehow it spilled over into 924 see which it didn't do. I mean, I think that's right, but it creates it seems to me a real inequity under the peculiar circumstances of this case for this petitioner, who's left effectively without a remedy to file a 2255 collateral attack, based on Davis. Have I missed something here, or is the answer. Yeah, that's right. And it's really harsh and onerous, but that's a result of how Congress wrote the law. We are better than that, I don't know, because it seems to me to be inequitable. I'm in the Griffin case which was one of our supplemental authority decisions. The, the court noted that in circumstances like this where the COA was granted it was a Johnson claim but the COA was granted in light of Davis. The court noted that principles of equitable tolling might apply to make emotion timely when it had been sort of held up based on a COA based on Davis, but it was really a Johnson claim. In that case, the court ruled that the Johnson claim was untimely didn't somehow become timely based on Davis. And I think you know similarly here we're not trying to block him from having a question in the simplest form. So I can understand what can this guy do now to perfect a Davis claim as you see it. If we otherwise agree with you, Johnson was a, you know, a newly recognized right. Davis was not we've already held that. What can he do. Can you do something now if we agree with you, and we were to say the language of 2255 f3 is pretty clear. He can't get around it. He can't read Johnson is holding more than that. An increased sentence under the residual act of the career criminal act violated due process. It said nothing about the collateral question of the 924 see where does he go from here, or is the answer G, it's tough the laws hard and you lose. Is there anything else you can do is what I'm asking. I think he could still get approval or authorization from this court to file a second or successive motion based on Davis, that the court denied that motion is premature. While this appeal was pending doesn't mean that this court couldn't later grant that authorization. Okay, let's just, let's just pursue that for a moment. So if we agree with you and rule the way you suggest the language compels us to rule, and that might be right. Then his remedy would be to turn around and file another application with the Court of Appeals for leave to file a second successive petition on the Davis, because of the peculiar circumstances of this case. And if he were to do it. And a panel of this court were to turn to the United States Attorney and say, should we grant leave to file a second or successive petition. What is it that you would say about that. Would you turn around and say, uh, no good too late, the statutes gotcha. No, we would not assert the time bar in that circumstance. I mean, one way the court could do that would be by applying principles of equitable tooling but we don't intend to assert the time bar to bar a Davis claim when he has been diligent and has not yet had a stand for this isn't the day in court. But we're not trying to prevent him from getting to court on a Davis claim, so he can freely go forward in your view, and you would not seek to block him from filing a second successive petition, assuming that he continues to promptly pursue his rights. For instance, if this court were to grant authorization and he doesn't do anything for five years we might not case say that there was a time bar, but if he continues to promptly you know if this court were to grant him authorization. We think we think he should have his day on court on the Davis claim. I'm reading from the docket that the order we said, Okay, what this is peculiar is because this is still an original 2255. We didn't really base it on Johnson or Davis or anything, we just said, he still has an original 2255 on appeal. So, we can't, he came to the Court of Appeals to file a second successive and I'm reading the order and the panel was judged to let go and me and judge luck. And what we said is a search of the docket shows he's only got this pending one 2255. It's not over yet. So, we can't as the Court of Appeals grant you a second yet, because you're still litigating your first order had nothing to do it but with Davis or Johnson. It was just that what's peculiar here is this is a. This is still his original right 2255. I don't know because I guess he could have. Maybe he could when we did that or saying, I don't know I guess he could have maybe he could have filed something in district court, I don't know. I knew our motion to amend the one he had. I don't know, and ask us to remand it. He could have maybe file a motion to him, I'm just trying to think it through he can file a motion to amend. And I take here's my amendment Court of Appeals send this, this appeal we have back to the district court let me amend. My, my region. Yeah, I understand Miss Taylor your view. If we were to enter a judgment in this case, affirming the district court. If we were to rule in your favor on this 2255 petition and say it was not timely. He could then turn around and file a leave with this court for second and successive petition squarely raising Davis. That's do I hear that right from the United States. I think that's, I mean I think he's already even done so and his opening brief by asking his brief to be treated as that request. I don't even need to file something separate, and it would not be the position of the government that he was blocked because of time or something else. No, we don't, we don't think that we would assert a time bar here, given that he has been trying to pursue this Davis claim. You know, since what when that window is still in play, but we do. Let's be clear about what you would assert though because in your answer in this, you didn't ever you never even answered this 2255 you filed a motion dismiss, and in your motion dismiss you said we wait we we preserve procedural default and all our offenses. Right. So to be clear in this discussion you would assert procedural default this claim was never raised in direct field and procedurally defaulted. Um, I would have, I don't know yet what we would assert but I know that there are all like procedural default, the merits, the possible remedies all three of those things have never been briefed we haven't even had the opportunity to raise them and this is a claim where he didn't raise it in. He never challenged his section 924 see count out on his original appeal or at trial. Right. That would be on the merits but the question we're asking is, would you seek to block leave to file a second successive petition. And your answer is no. Right. I think our answer is no on time ground timeliness correct your timeliness, and that the timeliness issue is the only thing that I could say I think given his diligence. The other issues frankly haven't been briefed or examined. Aren't really straightforward. I might suggest this is the right thing to do. But you just said he's asking us to treat the brief. He's found here is a lead to amend or, or, excuse me, not only to me as an application in itself, given we said the other was premature for a second. It's a treat this do two things here. One affirm the dismissal is the other one is time barred, but construe this also as an application as an independent application file a Davis claim granted and time to go back to the district court and start a new his Davis kept crying, you're saying the government doesn't oppose that as a remedy as long as all issues, defense defenses, we make it clear that's very unusual thing but we are the Court of Appeals. You know we could tell him today, we'll hold the case go file a motion to file a successive and we'll go file an independent motion to file a successive will say it's assigned to this panel and and that's what we'll do to not mess up the law on Johnson and Davis being separate claims, you know, all that kind of stuff. Well, and I think that's the most important thing to tell us that there's been so much confusion as to what you do with Johnson claims that really should have been Davis claims, and it seems like the end unpublished decisions are sort of all over the map on that. Yeah, they're inconsistent. Some of them have remanded, and some of them have said no. It was a separate claim. Goodbye. You, you agree that the most important thing is to preserve the, the concept that if a new substantive law is is is done that people need to be able to have the right to assert that. And so if we sort of meld things together, that could be a potential problem for people asserting their rights that are new rights new substantive rights. Right, I think it creates a lot of confusion and I think you know Congress did give very clear guidance and talking about the date on which the right asserted was initially recognized and newly recognized, and that happened in Davis, it didn't happen in Johnson, so the district courts time bar ruling here was entirely correct. Yeah, and that's why we have to say, because it says right was right and it's not just substantive law it's a new rule of constitutional law made retroactive by the Supreme Court. So it's, it's a very unusual situation we have to have so close together like this that I've never seen this so close together problem. But the Maya Johnson, all of that created. Right, Miss Taylor, thank you very much for your, for your time and your argument we really appreciate it. Mr Robbins you still have time remaining for rebuttal. Thank you, may it please the court. Scott Robins again on behalf of Mr Fowler. I think the court has the has has the essence of what I've been trying to say and perhaps said it more eloquently. We don't have the answer. But therein lies the problem is that for this particular set of circumstances. It is, it was phrased as a catch 22 to allow this, the timeliness issue to thwart this would essentially have created a catch 22. The answers are again on page 11. I did ask for this to be considered a request for a sex and second or substantive 2255 based on Davis, and I don't think that's really inconsistent with Hammond. If one were to carve out an exception to Hammond for this particular circumstance which is really I think the court has it as a kind of a case of first impression, that would be one remedy. A second remedy that was suggested is because the court in in the 2012 2272 H case gave me leave to. It was denied without prejudice specifically give a, a timeframe in which to refile. Now that this issue is resolved. Again, the only remedy that I see under the law that I could do to make sure I preserved. Robbins if you heard Miss Taylor right, and at least I heard it this way. She's saying, I'm not going to block you on timeliness grounds, whether we consider this brief as a petition for leave to file a second or successive or not. And we give her leave to fly you have to leave to file it some timely way down the road pretty soon. Here and after she's not going to object on grounds of timeliness to stop you from following the second or successive. That's what she said, but no I understand it as a clear concession on her, her part, doesn't that solve your problem it doesn't answer all the underlying questions of procedural default and all this other business, but it gets you in the door, it gets your ticket stamp that you can walk into a courthouse and be heard. That is what speaking, and she's conceding that you ought to be given that opportunity. So doesn't that take you exactly where you want to go with the very thing that's before us. Yes, that gets me to what I'm trying to accomplish today. I'm simply trying to get back to the district court, so that someone who was convicted of a crime that essentially doesn't exist is not languishing for that crime. And that would get me there under the surface I'm just saying there's a variety of ways to get there if you're not inclined to do, let me ask your opinion, what's the most efficacious way for us to do it consistent with our reading of the law and what we've already said, without, just simply read this as a new petition for leave, or to give you leave to just to give you time within which to do it. Either way, gets me to the same place probably the most efficient that would not cause one to have to readdress Hammond in a significant way would be to do it by simply giving me based on my, the denial of my motion and the request that they already made, giving me as time to to refile that won't be contested for time. That will get me to where I'm trying to get and I'm not I'm not in any way trying to dissuade the court from that approach. And again, if I sat where you said Mr Robbins I would say, thank you very much, your honors. That's all I want, and she's conceded it. Oh no I'm very happy with that you are I was just in case the court wasn't inclined it was just suggesting there were other ways as well, but I am happy to get back. My only concern is that I'll get clouded assign to a different panel, our staff attorney may write an order. This is two years after Davis tonight on his face is untimely so we got that problem. Well, I don't know the panel can talk about it. How best to do it. You can also tomorrow file a new application. So, as a separate. I guess if I were you Mr Robbins what I would say is the government is perfectly happy to take the pleading in the briefs here as an application for leave to file a second successor, and it's before this panel at this time. That serves my purposes right. All right, well we have let everyone go way over the time, and we thank you both for your argument has been wonderful Mr Robbins I know that I want to recognize that you are court appointed counsel, and we thank you for your service and we thank you for accepting the appointment. We really do you've done a great job both of you Miss Taylor as well. Thank you both for your argument, and have a great day. Thank you.